*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMUAL BOHANNON,

Defendant-Appellant.

UNPUBLISHED
July 30, 2025
1:38 PM

No. 368502
Wayne Circuit Court
LC No. 22-002062-01-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals by right his jury trial conviction of third-degree criminal sexual conduct, MCL 750.520d(1)(e). Defendant was sentenced to 30 to 180 months' imprisonment, and was also required to comply with the Michigan Sex Offenders Registration Act and to not have any contact with the complainant, DW. We reverse and remand for a new trial.

## I. BACKGROUND

This case arises from defendant's alleged sexual abuse of DW. The first day of defendant's trial began with jury selection. The trial court welcomed the prospective jurors, gave them preliminary instructions, and then administered the voir dire oath, requiring them to "solemnly swear or affirm that [they] will truthfully and completely answer all questions about [their] qualifications to serve as jurors in this case[.]" The parties and court then proceeded with jury selection, which took the balance of the morning. Once that process was complete, the court thanked the individuals that were not selected to be jurors, excused them from the courtroom, had an off-the-record discussion with the attorneys, and went into recess. Roughly two hours later, the jury was brought into the courtroom and the court called the case, asked the attorneys and defendant to put their appearances on the record, and asked the prosecutor if he was ready to call his first witness. Over the remainder of that day and the next, trial proceeded with the presentation of evidence, closing arguments by both sides, and instructions to the jury. The jury then returned its verdict, convicting defendant as described. The record reflects that at no point after jury selection was the jury administered an oath, nor did defendant raise any objection to that effect.

-1-

Defendant was thereafter sentenced, and this appeal followed. On appeal, defendant challenges, among other things, the trial court's failure to swear in the jury.

## II. STANDARD OF REVIEW

"Whether the failure to properly swear the jury, even in the absence of a timely objection, requires that the defendant be afforded a new trial is a question of law, and such questions are reviewed de novo." *People v Cain*, 498 Mich 108, 114; 869 NW2d 829 (2015). That said, because defendant in this case did not object to the trial court's failure to swear in the jury, his claim of error on that point is reviewed for plain error affecting substantial rights. *Id*. at 116-117. To obtain relief under this standard, a defendant must show that "(1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id*. at 116, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). If these three elements are satisfied, "the fourth *Carines* prong calls upon an appellate court to exercise its discretion in deciding whether to reverse," and "relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id.* (cleaned up).

Defendant argues that the court's failure to swear the jury constituted a structural error. To obtain relief for an unpreserved claim of structural error, a defendant must still satisfy the first two prongs of the plain-error standard by showing that a plain, structural error occurred, but having done so, the defendant need not show anything further to satisfy the standard's third prong: "the existence of a forfeited structural error alone satisfies the third prong of the plain-error standard, and a defendant need not also show the occurrence of outcome-determinative prejudice." *People v Davis*, 509 Mich 52, 74; 983 NW2d 325 (2022). And for the fourth prong of the analysis, "a forfeited structural error creates a formal presumption that this prong of the plain-error standard has been satisfied." *Id.* at 75. This "formal rebuttable presumption . . . shift[s] the burden to the prosecutor to demonstrate that the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding." *Id*. at 76. To do so, "the prosecutor must present specific facts that 'affirmatively demonstrate that, despite the error, the overall fairness, integrity, and reputation of the trial court proceedings were preserved.' " *People v King*, 512 Mich 1, 10; 999 NW2d 670 (2023), quoting *Davis*, 509 Mich at 76.

## III. DISCUSSION

Defendant argues that the trial court's failure to swear in the jury requires reversal of his conviction and a new trial. We agree.

By the time a jury trial starts, the individuals serving on the jury are required to have taken two oaths. First, "[b]efore beginning the jury selection process, the court should give the prospective jurors appropriate preliminary instructions and must have them sworn." MCR 6.412(B). According to the Michigan Model Criminal Jury Instructions, before voir dire, prospective jurors should be asked: "Do you solemnly swear (or affirm) that you will truthfully and completely answer all questions about your qualifications to serve as jurors in this case?" M Crim JI 1.4. As noted, this oath was administered to the prospective jurors in this case at the outset of voir dire.

The second oath occurs after jury selection but before trial, and is required of the individuals ultimately selected to serve as jurors for the case at hand. As this Court has summarized:

> MCL 768.14 provides that the following oath must be administered to jurors in criminal cases: "You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God." MCL 768.15 permits substitution of the words "[t]his you do under the pains and penalties of perjury" for "so help you God."
>
> Similarly, MCR 6.412(F) provides that "[a]fter the jury is selected and before trial begins, the court must have the jurors sworn." Under MCR 6.412(A), MCR 2.511 governs the procedure for impaneling the jury. MCR 2.511(I)(1) states the following:
>
>> The jury must be sworn by the clerk substantially as follows:
>>
>> "Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God." [*People v Allan*, 299 Mich App 205, 210-211; 829 NW2d 319 (2013), overruled in part on other grounds by *Cain*, 498 Mich at 128.]

"[T]he oath that must be administered at the beginning of trial pursuant to statute and court rule protects the fundamental right to a trial by a fair and impartial jury." *Id.* at 211. It "represents a solemn promise on the part of each juror to do his duty according to the dictates of the law to see that justice is done"—which is "not just a final duty to render a verdict in accordance with the law, but the duty to act in accordance with the law at all stages of trial." *Cain*, 498 Mich at 121 (citation omitted). "The oath is administered to [e]nsure that the jurors pay attention to the evidence, observe the credibility and demeanor of the witnesses and conduct themselves at all times as befits one holding such an important position." *Id.* at 121-122 (citation omitted). It is "a conscious promise to adopt a particular mindset—to approach matters fairly and impartially—and its great virtue is the powerful symbolism and sense of duty it imbues the oath-taker with and casts on the proceedings." *Id.* at 123.

As summarized above, the record before us indicates that the jury in this case did not receive or take any oath after its selection, and thus was not sworn in as required under MCL 768.14 and MCR 6.412(F), (H). This was error, and it was plain. But it was also forfeited, as defendant never objected to the absence of the oath. Defendant's entitlement to relief therefore depends on the third and fourth prongs of plain-error review—whose analysis, in turn, depends on whether the error at issue was structural, as defendant claims.

This Court squarely addressed that question in *Allan*. There, as here, the prospective jurors were properly administered a voir dire oath, but "[a]fter the jury was selected, the case proceeded

-3-

through trial without the jury taking another oath." *Allan*, 299 Mich App at 208. And there, as here, the claim of error was unpreserved, and thus subject to plain-error review. *Id*. at 210. In conducting that review, this Court concluded, after an extended discussion of caselaw from Michigan and other jurisdictions, "that the trial court's failure to swear in the jury was structural error." *Id*. at 218. Based on that jurisprudence, this Court explained that "[a]dministering the oath to the jury is not a mere formality" but is instead a "long-standing common-law requirement" that has been recognized to be "an essential ingredient to a legally constituted jury" and "*necessary* to ensure the fundamental right to trial by an impartial jury." *Id*. at 215-217 (cleaned up; emphasis in original). Correspondingly, failure to administer the oath "is a defect that affects the framework within which the trial proceeds" and "deprives the trial of constitutional protections with which the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id*. at 217 (cleaned up). Indeed, because "jeopardy attaches when the jury is selected and sworn[,] . . . [i]n the event that an unsworn jury returns a verdict, a defendant may be tried again for the same offense because jeopardy never attached." *Id.* at 217-218.

Having deemed the error structural, this Court, relying on other caselaw pertaining to the third prong of plain-error review, further concluded "that the plain structural error in this case satisfies the third *Carines* prong without regard to the error's effect on the outcome of defendant's trial." *Id*. at 218. And lastly, this Court found the forth prong of plain-error review also satisfied, reasoning:

> Finally, we conclude that the trial court's failure to administer the oath to the jury seriously affected the fairness, integrity, and public reputation of the judicial proceedings. Because the trial court did not administer the oath to the jury, the jury did not undertake the solemn promise to act in accordance with the law at all stages of defendant's trial. The trial court's failure to administer the oath to the jury in this case affected the integrity of the proceedings because it resulted in an invalid verdict under Michigan law. The absence of the oath deprived defendant of a means to ensure that the jury would decide the case honestly in accordance with the law and on the basis of the evidence. Administration of the oath was necessary to protect defendant's fundamental right to a trial by an impartial jury.

> Accordingly, defendant's claim of error satisfies the requirements of the plain-error test, and we will exercise our discretion to afford defendant relief. When a defendant is convicted by an unsworn jury, the proper remedy is reversal of the defendant's convictions and remand for a new trial. Retrial in this case is permitted because the jury was not sworn and jeopardy, therefore, did not attach. [*Id*. at 218-219 (citations omitted).]

*Allan* is on point. In *Cain*, 498 Mich at 128, however, our Supreme Court abrogated *Allan* in part because the decision, "after concluding that the failure to swear the jury satisfied the first three *Carines* prongs, did not take a case-specific approach to the fourth prong." *Id*. at 127. The Supreme Court stressed that this is not "to diminish the value of the juror's oath," but only to recognize that "[i]t is but one component—as important and as symbolic as it may be—in a larger process of fair and impartial adjudication," rendering *Allan*'s seemingly categorical approach to

-4-

the fourth prong inappropriate. *Id*. at 128.[1]  Importantly, the Court in *Cain* only abrogated that portion of *Allan*'s analysis; it otherwise left the case intact and, while noting some potential doubt on the matter in response to the dissent, it expressly declined to reach whether the failure to swear in a jury was a structural error. *Id*. at 117 n 4 ("We need not decide at this time whether the error here was limited to a violation of a court rule, as the prosecutor argues, or was a structural constitutional error, as defendant argues, because it is undisputed that since this is an unpreserved error, defendant must satisfy the plain-error standard of *Carines* in either event.").

Since the issuance of *Cain*, neither this Court nor our Supreme Court has revisited *Allan*'s published determination that the failure to swear in a jury is a structural error.  Nor have we found caselaw to indicate that this determination no longer remains intact and binding on us.  MCR 7.215(J)(1).  To the contrary, since *Cain*, our Supreme Court (albeit in other contexts) has only further reaffirmed the import of the oath a juror takes once selected for trial.  See, e.g., *People v Peeler*, 509 Mich 381, 398; 984 NW2d 80 (2022) (confirming that "[a] juror's oath is a significant part of service," and citing with approval language from the *Cain* majority about the "conscious promise" the oath entails, 498 Mich at 123, as well as from the *Cain* dissent that "[t]he essence of the jury is, and always has been, the swearing of the oath," *id*. at 134); *People v Wood*, 506 Mich 114, 128-129; 954 NW2d 494 (2020) (noting the distinction between the voir dire oath a prospective juror takes, which "on its own may not transform an individual into a juror," and the "final oath" a selected juror takes "for the trial").  Accordingly, and consistent with *Allan*, we deem the trial court's failure to swear in the jury in this case a structural error.

As noted, and as our Supreme Court has made clear, this conclusion means both that the third prong of plain-error review is necessarily satisfied, and that the fourth such prong is presumptively satisfied.  *Davis*, 509 Mich at 74-76.  The burden is on the prosecution to rebut that fourth-prong presumption and "present specific facts that 'affirmatively demonstrate that, despite the error, the overall fairness, integrity, and reputation of the trial court proceedings were preserved.' "  *King*, 512 Mich at 10, quoting *Davis*, 509 Mich at 76.  The prosecution has made no such showing here, or even attempted to do so; indeed, it has opted not to file a brief with this Court.  With the fourth prong's "formal rebuttable presumption" left wholly unrebutted, *Davis*, 509 Mich at 75, and the remainder of the plain-error standard otherwise satisfied, defendant is

---

[1] *Cain* then concluded that, under the particular facts of the case before it, the fourth prong had not been satisfied and the defendant was not entitled to relief.  There—unlike here—the jury was given an oath after it was selected and before trial, and while that oath was the wrong one (namely, the one that is supposed to precede voir dire), the trial court prefaced it by stating (in a manner fitting for the correct oath), "I will now ask you to stand and swear to perform your duty to try the case justly and to reach a true verdict."  *Cain*, 498 Mich at 113, 123; see also *id*. at 124 n 6 (noting that, "[a]lthough the court clerk indisputably read the wrong oath to the jury, the jury was nevertheless sworn").  The Court concluded that this (albeit incorrect) administration of the oath to the jury, along with other circumstances throughout the proceedings, sufficiently served the objectives of the oath such that relief was not warranted.  *Id.* at 126-127.

entitled to a new trial and must be afforded relief from his current conviction and sentence. *Id.* at 78-79; *Allan*, 299 Mich App at 221.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

[2] In light of this determination, we need not—and do not—reach defendant's remaining issues on appeal.